**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:98-cr-00035-HDM-RJJ |
| | ) | 2:06-cv-00294-HDM-RJJ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| BRETT ALLEN HUDSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before this court is petitioner Brett Allen Hudson's ("Hudson") petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (#1, 82). The United States has opposed(#88) and Hudson has replied (#93).

**I.**

On June 16, 1998, Hudson was convicted by a jury of bank robbery. He was sentenced on September 17, 1998 to 240 months incarceration. The sentence was imposed after the court concluded that Hudson qualified as a "career offender" under U.S.S.G. § 4B1.1 because he was at least 18 at the time he committed the instant offense, and he had at least two prior felony convictions for

1

"crimes of violence."  Hudson appealed his conviction and the Ninth Circuit affirmed the defendant's conviction and sentence.  *See United States v. Hudson*, 189 F.3d 516 (9th Cir. 1999)(unpublished), *cert. denied*, 528 U.S. 1098 (2000).

On January 8, 2001, Hudson filed a 28 U.S.C. §2255 motion challenging his conviction.  Hudson argued that the district court did not have jurisdiction over his bank robbery charge, his attorney was ineffective, and the Government used perjured testimony at trial.  On May 13, 2002, this court denied Hudson's §2255 motion and Hudson's subsequent request for a certificate of appealability.  The Ninth Circuit also denied this request.

On March 8, 2006, Hudson filed the present §2255 motion challenging his sentence under the Supreme Court's decision in *Shepard v. United States*, 544 U.S. 13 (2005).  Hudson argues that the holding in *Shepard* creates newly recognized right that is retroactively applicable to cases on collateral review.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, imposes a strict one-year limitation concerning the time frame within which a prisoner may bring a motion to vacate, set aside, or correct his sentence under that section.  The one-year period runs from "the latest" of the events enumerated as follows:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has

2

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Subsections 1, 2, and 4 are inapplicable in the present case. Hudson's only argument is under subsection 3, that the Supreme Court's decision in *Shepard* is a newly recognized right and is retroactively applicable to cases on collateral review.

The Supreme Court discussed retroactivity of its decisions in *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004).

> New substantive rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms ... as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish ... Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him.
>
> New rules of procedure, on the other hand, generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. Because of this more speculative connection to innocence, we give retroactive effect to only a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. That a new procedural rule is "fundamental" in some abstract sense is not enough; the rule must be one without which the likelihood of an accurate conviction is seriously diminished. This class of rules is extremely narrow, and it is unlikely that any [has yet to emerge].

542 U.S. 351-52 (internal quotations and citations omitted).

Contrary to Hudson's arguments, the Supreme Court's decision in *Shepard* sets forth a procedural rather than a substantive rule. *Shepard* concerned the application of 18 U.S.C. § 924(e), the Armed

3

Career Criminal Act ("ACCA"). 125 S.Ct. at 1257. The ACCA mandates a fifteen-year minimum term of imprisonment for anyone possessing a firearm after three prior convictions for serious drug offenses or violent felonies. *Id.* The issue was whether Shepard's prior burglary convictions, obtained pursuant to guilty pleas, were violent felonies. The ACCA defines burglary as a violent felony only if it was committed in a building, not a vehicle. *Id.* The Massachusetts statute that Shepard was convicted of violating, however, criminalized burglary of both buildings and vehicles. *Id.* The Government argued that the district court should look to police reports that revealed that Shepard had burglarized buildings and find accordingly. *Id.* at 1258. The Supreme Court held that the district court could look only to the indictment and Shepard's admissions in determining whether the ACCA applied. *Id.* at 1263. The Court reasoned that permitting the judge to find facts raising the statutory range of possible sentences would violate Shepard's Sixth Amendment right to a jury trial. *Id.* at 1262.

    The *Shepard* holding sets forth the materials a district court should consider, in certain circumstances, to determine whether a defendant's prior convictions render him subject to the ACCA's mandatory minimum sentence. 125 S.Ct. at 1257. This rule is clearly a procedural rather than a substantive change in the law.

    A new procedural rule does not apply retroactively unless it is a "watershed rule" implicating the fundamental fairness and accuracy of criminal proceedings. *Schriro*, 542 U.S. at 348. The new rule must be one without which the likelihood of an accurate conviction is seriously diminished. *Id.* at 352; *see Teague v. Lane*, 489 U.S. 288, 313 (1989). In the present instance, this

4

1  court finds that the likelihood of accurate convictions is not
2  seriously diminished without the rule.  *Shepard* merely limits the
3  materials a district court may consider in determining whether
4  prior convictions subject a defendant to an enhanced sentence.
5  This decision is consistent with other federal district courts who
6  have reached this issue.  *See Caballero-Banda v.. United States*,
7  2005 WL 2240226 at *5 (W.D.Tex. 2005) (holding the *Shepard* rule
8  does not "seriously diminish the likelihood of an accurate
9  conviction and therefore does not apply retroactively" ); *Langley
10 v. United States*, 2005 WL 1114710 at *1 (M.D.N.C. 2005) (holding
11 that *Shepard* is not a watershed change in criminal procedure);
12 *United States v. Lastrapes*, 2005 WL 3241976 at *1 (W.D.La. 2005);
13 *Hirano v. U.S.*, 2006 WL 1343658 at *6 (D.Hawai'i 2006)*; Neff v.
14 Revell*, 2006 WL 1476170 *3 (S.D.Ill. 2006).   Even more
15 importantly, the Supreme Court has given no indication that *Shepard*
16 applies retroactively to cases on collateral review.

**II.**

18      Accordingly, because the procedural rule set forth in *Shepard*
19 is not applicable to cases on collateral review, the petitioner
20 Hudson has provided no basis under which the statute of limitations
21 on his §2255 motion is tolled and therefore the court finds that
22 this petition is untimely.  **IT IS ORDERED** that Hudson's petition
23 (#1, 82) be **DENIED.**
24      DATED: This 17th day of July, 2006

_____
UNITED STATES DISTRICT JUDGE

5